UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AFTERMARKET AUTO PARTS ALLIANCE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUMPER2BUMPER, INC., and )<br>BANGOR CAR CARE, INC., )<br>)<br>Defendants. ) | Civil no. 1:12-cv-00258-NT |

ORDER ON MOTIONS TO STAY
AND TO AMEND SCHEDULING ORDER

Defendant Bumper2Bumper, Inc. moves to stay (ECF No. 42) pending an appeal of the temporary restraining order issued in favor of the Plaintiff, Aftermarket Auto Parts Alliance, Inc.[1] The parties jointly move to amend the scheduling order. (ECF No. 46). For the following reasons, the Defendant's Motion to Stay is **GRANTED in part and DENIED in part**, and the Joint Motion to Amend the Scheduling Order is **GRANTED**.

BACKGROUND

On October 4, 2012, the Court issued an Order granting the Plaintiff's Amended Emergency Motion for Temporary Restraining Order. (ECF No. 32). Following a telephonic conference with counsel, the Court denied the Defendant's Motion for Reconsideration and Motion to Stay the Order pending reconsideration on October 11, 2012. (ECF No. 38). On that same date, the Court signed the

---

[1] The other Defendant, Bangor Car Care, Inc., has not joined in the Motion to Stay. In this Order, the Court refers to Bumper2Bumper, Inc. as the Defendant.

Temporary Restraining Order, as the Plaintiff had posted security in the amount of $15,000. (ECF No. 39). Based on the availability of counsel, and to accommodate their request to conduct limited discovery, the Court also scheduled a hearing on a motion for a preliminary injunction, to be consolidated with a trial on the merits, for December 11-12, 2012. (ECF No. 40).

The Defendant filed a Notice of Appeal from the Temporary Restraining Order[2] (ECF No. 41) and a Motion to Stay pending that appeal (ECF No. 42) on October 12, 2012. The Plaintiff filed a Response to the Motion to Stay on October 17, 2012 (ECF No. 47), and the Defendant filed a Reply on October 23, 2012. (ECF No. 48). The parties also filed a Joint Motion to Amend the Scheduling Order to complete discovery before the hearing and trial beginning on December 11, 2012 (ECF No. 46).

## DISCUSSION

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."). "Of course, stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in

---

[2] The parties dispute whether the Temporary Restraining Order is appealable. The Court declines to address that issue, leaving it to the First Circuit to decide.

duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992).

"Stays of injunctive orders . . . are evaluated under the traditional four-part standard applied to injunctions." *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002). "The considerations are: (1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." *Id.* at 16 n.3. "In essence, the issuance of a stay depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party].'" *Id.* at 16-17 (quoting *United Steelworkers of America v. Textron, Inc.*, 836 F.2d 6, 7 (1st Cir. 1987)).

The Plaintiff argues that the Defendant cannot satisfy the four considerations because: (1) the Court has already determined that the Plaintiff will likely succeed on the merits; (2) the Defendant has not provided proof of irreparable harm, and the Plaintiff has posted security of $15,000; (3) a stay would harm the Plaintiff's goodwill and reputation; and (4) a stay would not be in the public interest because consumer confusion would continue. The Defendant counters that: (1) in granting the Temporary Restraining Order, the Court explained that there was insufficient evidence on four of the eight factors regarding likelihood of consumer confusion, only two factors clearly favored the Plaintiff, and the remaining two

factors favored the Defendant; (2) complying with the Temporary Restraining Order would be a "brutal" and "monumental" task involving "crushing" but nonetheless "speculative" costs to the Defendant's "booming business"; (3) the Plaintiff is a "titan" of its industry, and it has been "unscathed" during the year in which the Defendant has used the Plaintiff's name; and (4) the public interest favors the Defendant's "small, family-owned business." Reply at 4-6.

In considering the parties' arguments, the Court notes that it offered to schedule an expedited hearing on a motion for a preliminary injunction after telephonic oral argument on the Plaintiff's Amended Emergency Motion for Temporary Restraining Order on September 12, 2012. (ECF No. 22). The parties then failed to reach a short-term agreement, necessitating a ruling on the Plaintiff's Motion for Temporary Restraining Order. During the telephonic conference on October 11, 2012, the Court again offered to schedule an expedited preliminary injunction hearing for late October or early November, but the parties declined because they wished to pursue limited discovery and the Defendant's counsel had travel plans. The hearing was thus delayed to the first date acceptable to all concerned, December 11, 2012, which is less than seven weeks from now. The Court has repeatedly indicated its desire to hear all of the evidence in order to make complete factual findings. Although the Court determined, on the basis of limited evidence, that the Plaintiff will likely succeed on the merits, the Court did not determine that the Defendant's chance of success is insignificant. The Court did not

4

assign numerical probabilities to each party's position, and it has not foreclosed the chance that, with sufficient evidence, the Defendant can succeed on the merits.

Both parties claim that they will suffer harm, but the Court notes weaknesses in both claims. Although there is an opportunity for consumer confusion and injury to the Plaintiff's goodwill and reputation every day on which the Defendant continues to use the name Bumper2Bumper, the Plaintiff has known about the Defendant's use since March of 2012. The Plaintiff waited to file this case until August 24, 2012, having allowed at least five months of harm to elapse. The Court understands that time for investigation is needed prior to filing a lawsuit, but it questions the amount of time in light of the degree of alleged harm.

As to the Defendant, the Court also finds indications that the alleged harm has become magnified as time has progressed. The Court attempted to measure the harm to the Defendant by ordering briefing on the issue of security. (ECF No. 24). The Defendant responded that, in order to change its name, it would have to spend several thousand dollars on signage and its online activities, and that it would lose the benefit of the money it had already spent on advertising over a year or longer. The Court then set the amount of security at $15,000 to take into account the Defendant's signage and Internet costs as well as costs that could result from the disruption in its advertising. In its Motion for Reconsideration, the Defendant cast the situation somewhat differently, stating that it would have to expend "vast amounts of time, energy, and money" to comply with the Temporary Restraining Order. (ECF No. 33 at 2). The Defendant characterized the necessary changes as

5

"legion," noting for the first time that it would incur costs for new stationery, corporate filings, state licenses and permits, license plate placards on its vehicles, and employee uniforms. (*Id.* at 3). In connection with its Motion to Stay, the Defendant now claims that a name change "could even drive a small business like [Bumper2Bumper] out of business." Reply at 3.

Although the Court does not condone the manner in which the Defendant has steadily amplified its potential harm, the Court finds it appropriate to consider all of the information now before it in determining whether a stay is warranted. In light of the Defendant's chance of success on the merits, the Court concludes that the harm the Defendant will suffer in the absence of a stay outweighs the harm the Plaintiff will suffer with a stay in place. However, the Defendant's request to stay pending resolution of its appeal is more extensive than necessary. The appeal is likely to take considerable time to decide, and it would not be fair to the Plaintiff to stay this case pending a decision by the First Circuit. Therefore, the Court limits the stay until December 12, 2012, the date the hearing on the motion for preliminary injunction is set to conclude.[3] The Court emphasizes that the next seven weeks of opportunities for consumer confusion and injury to the Plaintiff's goodwill and reputation is not trivial, but the balance of the harms favors the Defendant because of the extensive changes that it would need to make to comply with the Temporary Restraining Order.

---

[3] The Court notes that the parties are planning to consolidate the hearing on a motion for preliminary injunction with a trial on the merits, and that they have proposed an ambitious scheduling order to achieve that goal. Joint Motion to Amend Scheduling Order (ECF No. 46). The Court puts the parties on notice that it is highly unlikely to continue the hearing on the preliminary injunction even if it must bifurcate the two proceedings.

6

## CONCLUSION

The Defendant's Motion to Stay (ECF No. 42) is **GRANTED** to the extent that the Temporary Restraining Order is stayed until December 12, 2012. The Motion is **DENIED** to the extent it seeks an indefinite stay pending appeal. The parties' Joint Motion to Amend the Scheduling Order (ECF No. 46) is **GRANTED**.

SO ORDERED.

                                                /s/ Nancy Torresen
                                                NANCY TORRESEN
                                                UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2012.